Timothy GREEN *v.* Dr. Lynn WIGGINS
and Dr. Albert H. Rusher

90-121                                    803 S.W.2d 536

Supreme Court of Arkansas
Opinion delivered February 11, 1991
[Rehearing denied March 4, 1991.]

*Hamilton & Hicks*, by: *Charles R. Hicks* and *George R. Wise*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura Hensley Smith*, for appellee.

TOM GLAZE, Justice. This malpractice case arises from an automobile accident that resulted in injuries the appellant had treated at the St. Bernard's Regional Medical Center (St. Bernard's). During surgery on September 25, 1984, appellant had a cardiac/respiratory arrest, and because of this occurrence, he suffers from serious and permanent brain injury. Appellant gave proper notice of his intent to sue under Ark. Code Ann. § 16-114-204 (1987), which extended his time to bring suit by seventy days. He then filed suit within the required statutory time on December 1, 1986, against the anesthesiologist, Dr. E. Barrett Sparks, the surgeons, Dr. Lynn Wiggins and Dr. Albert Rusher, along with their corporation, Jonesboro Surgical Associates, and St. Paul Fire and Marine Insurance Co. as liability carrier for St. Bernard's.

Appellant stated that he filed suit to toll the two-year statute of limitations for medical malpractice which was about to expire. Ark. Code Ann. § 16-114-203 (1987). He admitted, however, that, at the time he filed suit, he needed more time to determine if Wiggins and Rusher were the correct doctors to sue. Appellant served his complaint and summons on Dr. Barrett and St. Paul, but made no attempt to serve Wiggins, Rusher or Jonesboro Surgical Associates. On March 15, 1988, or about fifteen months after filing his complaint, appellant obtained an order dismissing his suit without prejudice. At this time, the two-year statute of limitations had run.

Appellant refiled suit against Wiggins, Rusher and Jonesboro Surgical on March 8, 1989, and while he made no effort to serve Jonesboro Surgical, he did attempt to serve the two doctors

by certified mail, restricted delivery, but his mail was returned marked "unclaimed." On August 3, 1989, or 148 days after the filing of his second complaint, appellant moved to extend his time to obtain service on the doctors. The trial court denied appellant's motion finding that (1) the appellant did not serve Wiggins and Rusher within the 120 day period provided by ARCP Rule 4(i), so his complaint filed on December 1, 1986 did not toll the statute of limitations; (2) the limitation period in which the appellant could bring suit against Wiggins and Rusher expired prior to the appellant's voluntary March 8, 1988 order of dismissal without prejudice; and, therefore, any claim appellant had against the two doctors was barred.

The primary issue posed in this appeal is when is an action commenced under the Arkansas Rules of Civil Procedure as it relates to tolling the statute of limitations. Appellant cites ARCP Rule 3 and argues that the mere filing of his complaint on December 1, 1986, commenced the action and tolled the statute of limitations and that his failure to have obtained service on Wiggins and Rusher under ARCP Rule 4(i) had no consequence. We must disagree.

To consider appellant's argument requires a comparison and analysis of Rule 3 and Rule 4(i) which provide as follows:

Rule 3
A civil action is commenced by filing a complaint with the clerk of the proper court who shall note thereon the date and precise time of filing.

Rule 4(i)
Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. If service is made by mail pursuant to this rule, service shall be deemed to have been made for the purpose of this provision as of the date on which the process was accepted or refused. . . .

Arkansas law prior to the above current Rule 3 provided that an action was commenced by filing a complaint and placing it and a summons in the hands of the sheriff. Ark. Stat. Ann. § 27-301 (Repl. 1962). Section 27-301 was subsequently changed by an earlier version of the above ARCP Rule 3 which contained a sentence providing that an action would not be deemed commenced unless service was actually obtained within 60 days of filing the complaint. That sentence, however, was deleted, leaving us with our present Rule 3 as set out above, and at the same time the deletion was made in Rule 3, the time requirement for service was moved to Rule 4(i). The Reporter's Notes and comments on these changes are most helpful in interpreting and understanding Rules 3 and 4(i); they read as follows:

1. This rule changes Arkansas law. The statute, Ark. Stat. Ann. § 27-301 (Repl. 1962), which is superseded by this rule provided, in part, that an action was commenced by filing a complaint and placing it and a summons in the hands of the sheriff of the proper County. *Under this Rule, an action will commence without regard to receipt by the process server, subject only to the requirement that service be completed within [120] days* from the filing of the complaint, unless the time for service has been extended by the Court.

2. This rule will do away with uncertainty in "race to venue" and statute of limitation cases as to where or when the action was first commenced. It will also do away with the need to decide whether the complaint and Summons have been placed in the hands of the sheriff with reasonable expectations of service or whether the Complainant has acted in good faith in trying to effect service. *See Williams* v. *Edmondson and Ward*, 257 Ark. 837, 250 S.W.2d 260 (1975). Instead, where service is in issue under the [120] days or extension proviso, actual service will be the standard. *If actual service is not made within [120] days, the Court may extend the time for service, thus protecting the plaintiff against the running of the statute where there is good cause to do so.* (Emphasis added.)[1]

---

[1] In the Reporter's Notes the time requirement for service is 60 days, but in the

■ As is clearly explained in the foregoing Notes, an action is first commenced under Rule 3 by the filing of a complaint with the clerk of the proper court, and the establishment of venue and the tolling of a statute of limitations is based on the date the complaint is filed. However, that commencement date is subject to the plaintiff completing service within 120 days from the date of filing of the complaint, unless the time for service has been extended by the court under Rule 4(i). As is also duly noted above, a court, where there is good cause to do so, may extend the time for service beyond the 120 day period in order to protect a plaintiff against the running of a statute of limitations. Rule 4(i) requires the plaintiff to file his or her motion to extend within the 120 day period following the filing of the suit.

■ In the present case, the appellant failed to obtain service of Doctors Wiggins and Rusher within the 120 day period following the filing of either his December 1, 1986 complaint or his substituted complaint on March 8, 1989; nor did he file within that period a motion to extend the time for completing service. Because the appellant failed to meet the service requirements contemplated or specifically provided for in Rules 3 and 4(i), he also failed to commence the action so as to effectuate the one-year savings provision provided in Ark. Code Ann. § 16-56-126 (1987).[2] As a consequence, when the appellant voluntarily dismissed his original complaint on March 15, 1988, the statute of limitations had run, barring appellant from filing his second or substituted complaint.

While the appellant acknowledges his failure to comply with the service requirements in Rule 4(i), he points to the language in that Rule which provides that if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice. Based on that proviso, he submits his March 15, 1988 dismissal order was without prejudice and therefore could not be barred from filing his second suit in March 1989.

---

current Rule 4(i) the time for service was extended to 120 days.

[2] Among other things, § 16-56-126 provides that if any action is commenced timely and the plaintiff suffers a nonsuit, the plaintiff may commence a new action within one year after the nonsuit.

■ Of course, appellant's interpretation of Rule 4(i) is correct insofar as it goes, *viz.*, if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed without prejudice. *Lyons* v. *Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990); *see also Cole* v. *First Nat'l Bank*, 304 Ark. 26, 800 S.W.2d 412 (1990). However, that dismissal without prejudice language does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations. As we discussed earlier, Rule 4(i) provides a procedure in cases where service has not been achieved within the 120 day period whereby the court may, upon motion or its own initiative, extend the time for obtaining service so as to protect the plaintiff from being barred by a statute of limitations. Under appellant's interpretation of Rules 3 and 4(i), he would need only file his complaint within the period of limitations, never obtain service on the doctors and then dismiss and refile new or substituted complaints indefinitely — or at least until he decides to summon the doctors formally into court. Such an interpretation of Rules 3 and 4(i) is not a reasonable one, plus it totally ignores the purposes and objectives of these rules as we have carefully set out and discussed above.

For the foregoing reasons, we affirm.