FORREST CITY MACHINE WORKS, INC. *v.*
Jimmy Ray LYONS

93-487                                                          866 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered November 22, 1993
[Rehearing denied January 10, 1994]

*David Hodges*, for appellant.

*Dick Jarboe* and *Murrey Grider*, for appellee.

TOM GLAZE, Justice. This is a second appeal involving these parties. *Lyons* v. *Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990). This appeal involves commencement of an action under ARCP Rules 3 and 4(i) and how those rules relate to the tolling of a statute of limitations.

In *Lyons I*, Jimmy Lyons had filed a products liability suit against Forrest City Machine Works on February 17, 1986. That suit alleged Lyons had sustained a foot amputation on October 3, 1985, and the injury resulted from Forrest City Machine Works' negligent design and manufacture of a grain buggy. Lyons further alleged that the company failed to warn or give proper instructions to persons using the device. Forrest City Machine Works moved to dismiss Lyons' lawsuit on August 5, 1989, because

Lyons had failed to obtain proper service on the company. On August 9, 1989, the trial court ruled Lyons' service of process was not proper, and dismissed his complaint. We affirmed the trial court's ruling on March 19, 1990. In that decision, we also held that the trial court correctly denied granting Lyons a continuance for the purpose of reissuing and effecting valid service. In so holding, we stated that, under ARCP Rule 4(i), if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed without prejudice.

After the *Lyons I* decision, Lyons refiled his complaint on April 2, 1990, and Forrest City Machine Works again moved to dismiss. This time, Forrest City Machine Works defended, stating that the three-year statute of limitations [Ark. Code Ann. § 16-116-103 (1981)] had run from his October 3, 1985 date of injury. It further urged that, because Lyons had failed to obtain proper service to commence his action against Forrest City Machine Works, Lyons was time-barred when refiling his complaint on April 2, 1990 — over four years after his injury. The trial court denied Forrest City Machine Works' motion, and this cause was subsequently tried to a jury. Lyons received a judgment in the sum of $36,500 from which Forrest City Machine Works now appeals. Forrest City Machine Works' sole point for reversal is that Lyons' cause of action filed on April 2, 1990, was barred by the controlling three-year statute of limitations. We disagree.

Arkansas's saving statute, Ark. Code Ann. § 16-56-126 (1987), is applicable to the facts here. That provision, among other things, provides that if any action is commenced timely and the plaintiff suffers a nonsuit, the plaintiff may commence a new action within one year after the nonsuit. Under ARCP Rule 3, an action is commenced by the filing of a complaint with the clerk of the proper court, and the establishment of venue and the tolling of a statute of limitations is based on the date the complaint is filed. *Green* v. *Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). The commencement date, however, is subject to the plaintiff *completing service* within 120 days from the date of filing of the complaint, unless the time for service has been extended by the court under ARCP Rule 4(i). *Id.; Cotton Properties* v. *Ken's Disc. Bldg. Mat.*, 282 Ark. 521, 669 S.W.2d 469 (1984) (earlier

decision involving the same rule except it then provided service was to be completed within 60 days).

In the present case, Lyons, in filing his first suit on February 17, 1986, was well within the applicable three-year statute of limitations period since Lyons' injury occurred on October 3, 1985. As noted in *Lyons I*, the deputy sheriff's summons reflected that service had been completed on Forrest City Machine Works on the same day that Lyons filed his complaint. In completing service on Forrest City Machine Works, Lyons effected the commencement date of filing his complaint for limitation purposes. *Green*, 304 Ark. at 488, 803 S.W.2d at 538; *Cole*, 304 Ark. 26, 800 S.W.2d at 414 (1990). However, as noted previously, the trial court, on Forrest City Machine Works' motion, eventually dismissed Lyons action because of improper service. Nonetheless, that dismissal did not bar Lyons from refiling his suit later. This court has plainly stated that under the saving statute, § 16-56-126, a plaintiff, who commences a suit within the applicable statute of limitations and such suit is dismissed or nonsuited on a defendant's motion, may refile the same action within the period of the "saving statute." *Carton* v. *Missouri Pac. RR.*, 295 Ark. 126, 747 S.W.2d 93 (1988). Here, § 16-56-126 allowed Lyons to refile his complaint within one year after his nonsuit, which occurred on August 9, 1989. Accordingly, Lyons refiled his complaint on April 2, 1990, which was well within the one-year period provided in § 16-56-126.

Forrest City Machine Works cites some sister state cases for the proposition that before a saving statute can be invoked, the previous proceeding must have constituted a valid action and that a mere filing of a complaint without proper service on the defendant does not comprise a valid action. *See Johnson* v. *City of Raleigh*, 389 S.E.2d 849 (N.C. App. 1990), *cert. denied*, 394 S.E.2d 176 (N.C. 1990); *Acree* v. *Knob*, 348 S.E.2d 716 (Ga. Ct. App. 1986). However, in interpreting our applicable rules and § 16-56-126, we have not construed them as narrowly as Forrest City Machine Works now suggests. For example, this court has permitted a plaintiff to have the benefit of the saving statute where this court on appeal reversed the trial court, holding the plaintiff had failed in his initial action to obtain proper service on the defendant. *Cole*, 304 Ark. 26, 800 S.W.2d 412. In so hold-

ing, we directed the plaintiff's action be dismissed without prejudice. *Id.*

As we have already discussed, Arkansas's rules pertaining to commencement of an action require only that the plaintiff complete service upon the defendant within 120 days from the filing of the complaint. If the plaintiff fails to complete service during that period, he or she may still request that the time be extended to complete service in order to protect the plaintiff against the running of a statute of limitations if that extension is requested within the 120 day period. In sum, to toll the limitations period and to invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. A court's later ruling finding that completed service invalid does not disinherit the plaintiff from the benefit of the saving statute. Our interpretation of § 16-56-126 meets with the liberal and equitable construction which must be given it in order to give litigants a reasonable time to renew their cause of action when they are compelled to abandon it as a result of their own act or the court's. *See Cole*, 304 Ark. at 30, 800 S.W.2d at 415. Such construction is also consistent with this court's rules which are designed to compel litigants to file their actions and either promptly initiate service on the responding parties or give the trial court some reason for needing additional time to complete service.

Because Lyons filed a timely action against and completed service upon Forrest City Machine Works in his prior lawsuit, the applicable limitations period was tolled, and he was thereby entitled to invoke § 16-56-126 when refiling his complaint. Accordingly, we affirm the trial court's ruling that Lyons' complaint was timely.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. This case in part concerns itself with an issue laid to rest by *Green* v. *Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). The issue is when is a cause of action commenced for purposes of the savings statute. We held in *Green* that simply filing a complaint did not commence an action for savings statute purposes, even though Ark.

R. Civ. P. 3 does not exempt savings statute matters from its general pronouncement.

I agree with the opinion in this case but write to emphasize the point that filing a complaint under Rule 3 does not by itself determine commencement for purposes of limitation of actions or the savings statute. Service of process under Rule 4(i) must at least be attempted in order for commencement to occur and to toll the 120-day requirement for service. A strict reading of our Rule 3 might indicate otherwise.