Tammy J. SUBLETT *v.* Sharon L. HIPPS and Daniel Berry

96-1340                                              952 S.W.2d 140

Supreme Court of Arkansas
Opinion delivered October 2, 1997

*Helen Rice Grinder* and *George D. Ellis*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Thomas E. Osment, Jr.*, for appellee Sharon L. Hipps.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton* and *Mel Sayes*, for appellee Daniel Berry.

ROBERT L. BROWN, Justice.   Appellant Tammy J. Sublett appeals an order granting summary judgment in favor of appellees Sharon L. Hipps and Daniel Berry. We find no error in the trial court's order, and we affirm.

On January 3, 1995, Sublett filed a complaint against Hipps and Berry to recover damages for personal injury arising from an automobile accident. Sublett alleged that at about 8:15 a.m. on January 8, 1992, she was travelling south on Interstate 430 in Little Rock when Hipps, who was moving in the same direction in an adjacent lane, abruptly moved in front of her and decelerated rapidly. Sublett alleged that Hipps's maneuver caused her to strike the rear of Hipps's pickup truck, and she in turn was rear-ended by Berry's sport-utility vehicle. Sublett asked for joint and several liability against Hipps and Berry on several theories of negligence and damages in the amount of $175,000.00.

On April 5, 1995, Hipps answered, denying all allegations of fault and affirmatively pleading for the application of comparative fault. On September 29, 1995, Hipps filed a pleading designated as a third-party complaint against Berry, asking for indemnification or, in the alternative, for contribution. On November 27, 1995, Berry filed his answer to the original complaint as well as the third-party complaint and denied all allegations of fault. He also pled the statute of limitations as an affirmative defense.

Berry next moved for summary judgment on the ground that both the complaint and third-party complaint were barred by the three-year statute of limitations for negligence actions under Ark. Code Ann. § 16-56-105 (1987). He asserted that although Sublett filed her complaint in a timely manner, she did not obtain service on him within 120 days pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure and also failed to move for an extension within that same period.

Sublett responded to Berry's motion for summary judgment and argued that any objection to the untimely service of the complaint under Rule 4(i) was waived when he filed his answer. She contended that while Berry's answer raised the statute of limitations as a defense, his defense was waived because he answered the complaint without moving to dismiss or otherwise raising the issue of insufficiency of process, as required by Rule 4(i).

Hipps then moved for summary judgment and maintained that the undisputed facts showed the following: that Hipps was driving in the lane to the left of Sublett; that Sublett admitted there was adequate distance between the cars when Hipps made the lane change; that Sublett admitted Hipps signaled before entering Sublett's lane; and that Sublett applied her brakes, began sliding, and rear-ended Hipps.

Sublett responded to Hipps's motion for summary judgment and cited three factual bases to support her allegations of negligence: (1) traffic was heavy; (2) the pavement was wet; and (3) Hipps turned into Sublett's lane 50 feet in front of her, which a juror could conclude was done in violation of the statute which creates a duty to change lanes only when it can be done "with safety." Ark. Code Ann. § 27-51-302(1) (Repl. 1994).

The trial court issued a letter opinion in which it determined that Sublett's claim against Berry was barred by the statute of limitations and that Sublett's deposition testimony established that Hipps did nothing wrong and, thus, did not cause the accident. Orders dismissing Sublett's claims against both Berry and Hipps were entered.

## I. Berry's Motion for Summary Judgment

The standard of review for appealing the grant of summary judgment is well-established:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

*Milam v. Bank of Cabot*, 327 Ark. 256, 261-62, 937 S.W.2d 653, 656 (1997). *See Renfro v. Adkins*, 323 Ark. 288, 914 S.W.2d 306 (1996). Once a moving party establishes *prima facie* entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact. *Milam v. Bank of Cabot, supra; Renfro v. Adkins, supra.*

Sublett contends, as her first point, that Berry waived a defense of insufficiency of service of process under Ark. R. Civ. P. 12(h)(1) because he failed to move to dismiss the complaint on that ground and further failed to raise the defense in his answer. She concedes that service was not accomplished on Berry within 120 days because counsel was under the false impression that he had died without insurance coverage. Sublett further admits that no attempt was made to seek an extension from the court within the 120-day period from the filing of the complaint. Nevertheless, she contends that *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993), and *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990), support her contention that Berry waived his argument regarding insufficiency of process.

The issue for this court to resolve is whether Berry's defense raised in his answer is in truth a limitations defense or whether, in

actuality, it is a contention of insufficiency of process. We conclude that the defense is one of limitations that is decided by when the litigation was commenced.

■ Under Rule 3 of the Arkansas Rules of Civil Procedure, an action is commenced by filing a complaint with the clerk of the proper court. *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993); *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). But this court has also held that the effectiveness of the commencement date is dependent upon meeting the requirements of Rule 4(i), which provides in part that service of process on a defendant must be accomplished within 120 days after the filing of the complaint. *See Edwards v. Szabo Food Serv., Inc.*, 317 Ark. 369, 877 S.W.2d 932 (1994); *Hicks v. Clark*, 316 Ark. 148, 870 S.W.2d 750 (1994); *Forrest City Mach. Works, Inc. v. Lyons, supra*; *Green v. Wiggins, supra*.

In *Green v. Wiggins, supra*, the appellant filed a medical-malpractice action against several defendants, including the appellees who were two doctors. No attempt at service was made on those appellees, and appellant obtained a voluntary dismissal without prejudice after the two-year medical-malpractice statute of limitations expired. Appellant then refiled his action and attempted unsuccessfully to serve appellees through certified mail. Appellant moved the trial court for an extension 148 days after the filing of his second complaint. We held that because the appellant did not complete service on appellees within 120 days under Rule 4(i), his medical-malpractice action was not commenced, and the savings statute could not be invoked on his behalf. A similar failure by Sublett to commence her cause of action against Berry within the limitations period occurred in the instant case.

■ Moreover, while Rules 12(b)(5) and 12(h)(1) clearly set forth the procedure for raising an insufficiency-of-service-of-process defense, they do not set the conditions for mounting a limitations defense. The touchstone for a limitations defense to a tort action is when the cause of action was commenced. *See* Ark. Code Ann. § 16-56-105 (1987). Berry raised the statute of limitations as an affirmative defense in his answer and has shown failure to commence the litigation within three years as required by

our caselaw. *See Forrest City Mach. Works, Inc. v. Lyons, supra*; *Green v. Wiggins, supra*. That is all that is required.

Finally, we view the cases of *Lawson v. Edmondson, supra*, and *Farm Bureau Mut. Ins. Co. v. Campbell, supra*, as clearly distinguishable. The *Lawson* case did not involve the statute of limitations but solely concerned a Rule 12(b)(5) defense of insufficient service. Similarly, the issues of commencement of a cause of action and the running of a limitations period were not before this court in the *Farm Bureau* case. Hence, neither case is authority for the question at hand.

■ Because the accident occurred on January 8, 1992, and service on Berry was not obtained within 120 days after Sublett filed her complaint on January 3, 1995, and no extension was sought, the statute of limitations ran on this cause of action. The trial court was correct in granting summary judgment in favor of Berry.

## II.   Hipps's Motion for Summary Judgment

■ We turn next to Sublett's contention that summary judgment in favor of Hipps was also error. In order to establish a *prima facie* case of negligence, a plaintiff must prove that he sustained damages; that the defendant was negligent; and that such negligence was a proximate cause of the damages. *Anslemo v. Tuck*, 325 Ark. 211, 924 S.W.2d 798 (1996); *Mason v. Jackson*, 323 Ark. 252, 914 S.W.2d 728 (1996); *Morehart v. Dillard Dep't Stores*, 322 Ark. 290, 908 S.W.2d 331 (1995).

In support of her motion for summary judgment, Hipps attached portions of Sublett's deposition. In that deposition, Sublett made the following relevant admissions: (1) that appellee Hipps did not cut her off, although traffic ahead was already stopped; (2) that there were approximately 50 feet between their vehicles when Hipps entered her lane; (3) that she had already applied her brakes when Hipps signaled to enter her lane; (4) that she briefly took her foot off the brake pedal to contemplate a maneuver into the next lane but did not attempt to do so; (5) that she subsequently applied more pressure to the brakes and began sliding on the wet pavement; (6) that there was adequate space for

appellee Hipps's vehicle to pull into her lane; and (7) that she was not aware of anything Hipps did wrong.

Hipps contends that Sublett's version of the events as set out in her deposition presents no genuine issue of material fact and directly refutes a number of the allegations in her complaint. Hipps further contends that the deposition testimony, especially Sublett's final admission, reflects that Sublett was the sole proximate cause of her own accident. We agree.

Again, Sublett responds as she did in the trial court that the conditions on the road and the statute on lane changes present a fact question. She cites this court to AMI Civ. 3d 903 ("Violation of Statute or Ordinance as Evidence of Negligence"), and Ark. Code Ann. § 27-51-302(1) (Repl. 1994), which provides:

> A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety[.]

*Id.* She maintains that, given the circumstances, an issue of fact exists as to whether Hipps made the lane change "with safety" when only 50 feet of space separated the two vehicles.

We are aware, as we have already stated, that in reviewing a grant of summary judgment, we must consider the evidence in the light most favorable to Sublett. However, road conditions in and of themselves do not constitute negligence. The issue, rather, is how people perform under those conditions. Sublett admits that Hipps did not cut her off when she changed lanes and further that Hipps did nothing wrong. These drastic admissions, which contradict her complaint, not only fail to create a genuine issue of material fact under Ark. R. Civ. P. 56(c), but they appear to concede lack of fault on Hipps's part. We have affirmed grants of summary judgment in the past when the plaintiff/appellant makes a pivotal admission that goes to the heart of the case. *See, e.g., Bushong v. Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992); *King v. Jackson*, 302 Ark. 540, 790 S.W.2d 904 (1990). This is such a case. We affirm this facet of the trial court's order as well due to Sublett's failure to meet proof with proof. *Milam v. Bank of Cabot, supra.*

Affirmed.