Vickie POSEY and Stan Posey, Individually and as Parents and Personal Representatives of Carrie L. Posey, a Minor *v.* ST. BERNARD'S HEALTHCARE INC.; Michael E. Bolt, M.D.; and Jonesboro Surgery Clinic, PLLC

05-383 226 S.W.3d 757

Supreme Court of Arkansas
Opinion delivered February 2, 2006

*Wood, Carlton & Ishee*, by: *Dixie White Ishee*; *The Cochran Firm*, by: *Steven Libby*, for appellants.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Lucinda McDaniel* and *Dustin H. Jones*, for appellees Michael E. Bolt, M.D. and Jonesboro Surgery Clinic, PLLC.

*Barrett & Deacon, A Professional Association,* by: *Andrew H. Dallas, Denzil Price Marshall Jr.,* and *Paul D. Waddell,* for appellee Bernard's Healthcare, Inc.

DONALD L. CORBIN, Justice. The instant appeal presents the issue of whether the filing of an amended complaint sufficiently creates a new cause of action where the original complaint was a nullity. On appeal, Appellants Vicky and Stan Posey argue that it was error for the trial court to grant summary judgment and dismiss their cause of action because: (1) their suit was commenced prior to the expiration of the statute of limitations; (2) the service of process complied with the requirements of the rules of civil procedure; (3) Appellees waived any defect in the service of process. The Poseys further argue that any dismissal in this case should have been without prejudice because the statute of limitations had not expired at the time they filed their amended complaint. This case was certified to us from the Arkansas Court of Appeals, as involving issues needing clarification or development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5). For the reasons set forth below, we affirm the order of the trial court as to Dr. Bolt and the Jonesboro Surgery Clinic but reverse and remand as to St. Bernard's.

The Poseys filed a medical-malpractice action, Individually and as Parents and Personal Representatives of Carrie Posey, a minor, against Appellees St. Bernard's Healthcare, Inc., Dr. Michael Bolt, and Jonesboro Surgery Clinic, PLLC.[1] The events leading up to the instant suit are set out in their complaint. According to the Poseys, their daughter, Carrie, underwent an outpatient laparoscopic cholecystectomy on November 28, 2001. Dr. Bolt performed the procedure, in which complications occurred causing injury to Carrie's common hepatic bile duct. Carrie was then transferred to St. Bernard's for further treatment and care. On December 5–6, 2001, Dr. Bolt preformed some tests and subsequently attempted to surgically repair the damage to the bile duct. Carrie was then released from Dr. Bolt's care and discharged to her home on December 20, 2001.

On August 10, 2002, Carrie went to the Wynne Medical Clinic after suffering from jaundice for two weeks. She was then transferred back to Dr. Bolt's care, and he admitted her to St.

---

[1] Jonesboro Surgery Clinic is the corporate entity for Dr. Bolt; thus, where the opinion refers to Dr. Bolt, the reference is actually to Dr. Bolt and the surgery clinic.

Bernard's. Dr. Bolt again performed surgery and discovered that Carrie had narrowing of the biliary enteric anastomsis. Carrie's condition continued to worsen and, at the request of her parents, she was transferred to Arkansas Children's Hospital on August 17, 2002.

The instant complaint was filed in the Craighead County Circuit Court on November 21, 2003, and signed by Dixie Ishee, an attorney who was not licensed to practice law in Arkansas. Ms. Ishee also failed to apply for *pro hac vice* status prior to filing the complaint. This complaint and a corresponding summons were served on St. Bernard's and Dr. Bolt in December 2003. Prior to completion of that service, the Poseys filed an amended complaint on November 26, 2003. The facts and allegations of the amended complaint were identical to the original complaint. In fact, the only difference in the amended complaint was that it was signed by Steven Libby, an attorney licensed to practice law in Arkansas. No corresponding summons was issued with the amended complaint, and the Poseys did not serve the amended complaint on St. Bernard's or Dr. Bolt.

St. Bernard's filed an answer denying the allegations set forth in both the original and amended complaints. In its answer, St. Bernard's also asserted the affirmative defense that the statute of limitations had expired on the Poseys' cause of action. Dr. Bolt filed a similar answer, also raising the affirmative defenses set forth in Ark. R. Civ. P. 8(c).

St. Bernard's filed a motion for summary judgment on August 30, 2004. Therein, St. Bernard's averred that neither the Poseys' original complaint nor their amended complaint tolled the statute of limitations. According to St. Bernard's motion, the statute of limitations had expired, and the Poseys' cause of action was now barred; thus, summary judgment was warranted, as no genuine issue of material fact remained to be decided. Dr. Bolt filed a similar motion for summary judgment on August 31, 2004.

The trial court held a hearing on the motions on December 20, 2004. At the hearing, counsel for St. Bernard's admitted that the original complaint was timely filed, but argued that it was a nullity, having been filed by an attorney not licensed to practice law in this State. Counsel further argued that, even though the amended complaint was filed before the statute of limitations expired, the amended complaint did not toll the limitations period because a summons was never issued, and the Poseys failed to

complete service of process within the applicable time period. Counsel for Dr. Bolt agreed with St. Bernard's position, and further argued that her client never received a copy of the amended complaint.

Counsel for the Poseys argued that there had been no argument raised regarding insufficiency of service of process and, thus, St. Bernard's and Dr. Bolt waived this issue. She further argued that any dismissal must be without prejudice, because the statute of limitations had not expired at the time the amended complaint was filed.

After considering the arguments of counsel, the trial court announced from the bench that he was going to grant the motions for summary judgment on the basis that service of the amended complaint was not perfected and, thus, the statute of limitations on the Poseys' action had expired. A written order was subsequently entered that same day dismissing the Poseys' cause of action with prejudice. From that order, comes the instant appeal.

We recently reiterated our standard of review for summary judgment in *Templeton v. United Parcel Serv. Inc.*, 364 Ark. 90, 216 S.W.3d 563 (2005), stating:

> Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Riverdale Development Co. v. Ruffin Building Systems Inc.*, 356 Ark. 90, 146 S.W.3d 852 (2004); *Craighead Elec. Coop. Corp. v. Craighead County*, 352 Ark. 76, 98 S.W.3d 414 (2003); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a *prima facie* entitlement to summary judgment, the non-moving party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered. *George v. Jefferson Hosp. Ass'n Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999). We view the evidence in the light most favorable to the non-moving party, resolving all doubts and inferences against the moving party. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

*Id.* at 95, 216 S.W.3d at 563 (quoting *Jordan v. Diamond Equip. & Supply Co.*, 362 Ark. 142, 147-48, 207 S.W.3d 525, 529 (2005)).

For their first point on appeal, the Poseys argue that they commenced their cause of action prior to the expiration of the statute of limitations. In support of this argument, they aver that the filing of their amended complaint on November 26, 2003, sufficiently commenced their action, as it constituted the filing of a new lawsuit within the time designated for the filing of a medical-malpractice action under Arkansas law. Both Dr. Bolt and St. Bernard's argue that the Poseys failed to properly commence an action prior to the time the statute of limitations expired and, thus, the suit was time barred.

In Arkansas, a medical-malpractice action must be brought within two years of "the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203 (1987). The medical malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *See Brewer v. Poole,* 362 Ark. 1, 207 S.W.3d 458 (2005). In *Lane v. Lane,* 295 Ark. 671, 752 S.W.2d 25 (1988), this court recognized the continuous-treatment doctrine, which tolls the two-year statute of limitations for medical-malpractice actions until the medical treatment is discontinued. Therefore, the applicable date for determining the statute of limitations in the instant case is the date that St. Bernard's and Dr. Bolt stopped their treatment of Carrie, which was August 17, 2002. Accordingly, the Poseys had until August 17, 2004, to commence their cause of action against St. Bernard's and Dr. Bolt.

It is undisputed that the Poseys filed their original complaint on November 21, 2003. It is likewise undisputed that the Poseys properly completed service of process of this complaint within the 120-day-time period set forth in Ark. R. Civ. P. 4(i). This complaint, however, was signed by Dixie Ishee, an attorney not licensed to practice law in Arkansas. The fact that this complaint was filed by an attorney not licensed to practice law in this State renders it a nullity. *See Preston v. University of Ark. for Med. Sciences,* 354 Ark. 666, 128 S.W.3d 430 (2003) (holding that a complaint filed by a person not licensed to practice law in the State of Arkansas is a nullity). Appellants do not appear to dispute this point; rather, they argue that their action of filing an amended complaint on November 26, 2003, constituted the filing of a new

action that effectively tolled the statute of limitations because it was filed before the limitations period expired.

In support of their argument in this regard, Appellants rely on this court's decision in *St. Paul Mercury Ins. Co. v. Circuit Ct. of Craighead Cty.*, 348 Ark. 197, 73 S.W.3d 584 (2002). In that case, the decedent's two sisters and parents filed a *pro se* survival action against the petitioner. At the time that the complaint was filed, an estate had been opened and the decedent's daughter had been appointed personal representative. The decedent's parents were subsequently substituted as personal administrators. The parents then filed an amended complaint with themselves as plaintiff administrators. The petitioner filed a motion to dismiss based on the expiration of the statute of limitations. The trial court denied the motion to dismiss, finding that the two sets of plaintiffs were substantially the same parties.

The petitioner then sought a writ of prohibition from this court, arguing that the trial court lacked authority to go forward with the case, because respondents lacked standing. This court granted the writ of prohibition, agreeing that the respondents lacked standing and concluding that the *pro se* complaint was a nullity. This court further explained that while the plaintiffs did have standing to file the amended complaint as appointed administrators, the statute of limitations had expired, thus, barring their action.

The Poseys' reliance on the *St. Paul* case is of no help to them in the instant action. Nothing in *St. Paul* stands for the proposition that the filing of an amended complaint, in and of itself, is a sufficient action to toll the running of a limitations period. The problem with the Poseys' argument is that they ignore this court's well-established case law regarding the commencement of an action. This court has specifically recognized that pursuant to Rule 3 of the Arkansas Rules of Civil Procedure, an action is commenced by filing a complaint with the clerk of the proper court. *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997); *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993); *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). Notwithstanding this established rule of law, this court has further held that the effectiveness of the commencement date is dependent upon a party satisfying the requirements of Rule 4(i), which provides, in part, that service of process on a defendant must be accomplished within 120 days after the filing of the complaint. *See Sublett*, 330 Ark. 58, 952 S.W.2d 140; *Edwards v. Szabo Food*

*Serv., Inc.,* 317 Ark. 369, 877 S.W.2d 932 (1994); *Hicks v. Clark,* 316 Ark. 148, 870 S.W.2d 750 (1994).

 Accordingly, the filing of the amended complaint, in and of itself, was insufficient to toll the statute of limitations. The question that we must now turn to is whether the Poseys complied with the requirements of service of process.

The Poseys argue that they satisfied the requirements of Rule 4 governing service of process. Specifically, they argue that they properly served their original complaint on St. Bernard's and Dr. Bolt within 120 days of their filing of the complaint. The Poseys further argue that the amended complaint was also properly served on the parties. In support of this contention, the Poseys point to the answer filed by St. Bernard's wherein it states that it is answering the complaint and amended complaint. The Poseys further aver that because St. Bernard's received the amended complaint prior to the filing of its answer that it is reasonable to conclude that Dr. Bolt similarly received a copy of the amended complaint.

St. Bernard's argues to the contrary that the Poseys never served the amended complaint and admitted at the hearing on the motions for summary judgment that they never even attempted to serve the amended complaint. St. Bernard's further argues that the Poseys' attempt to satisfy compliance with Rule 4(i) by arguing that St. Bernard's must have had knowledge of the amended complaint as evidenced by its answer is not a proper substitute for actual service under the rule.

Dr. Bolt argues that the Poseys admitted that they never attempted to complete service of process of the amended complaint, and the total absence of evidence in the record of return of service negates any argument to the contrary.

Rule 4(i) governs the time limit for service of summons and provides in part:

> If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

It is axiomatic that Rule 4 must be construed strictly, and compliance with its requirements must be exact. *See Shotzman v.*

*Berumen,* 363 Ark. 215, 213 S.W.3d 13 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.,* 353 Ark. 701, 120 S.W.3d 525 (2003). The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Id.*

In *Kangas v. Neely,* 346 Ark. 334, 57 S.W.3d 694 (2001), this court affirmed a trial court's dismissal of a complaint under Rule 4(i), where the appellant failed to serve the appellee within the 120-day period set out in the rule and failed to file a motion for extension prior to the expiration of that period. This court concluded that there was no valid service of process, and because the suit was barred by the statute of limitations, the dismissal must be with prejudice. *See also Green,* 304 Ark. 484, 803 S.W.2d 536.

■ Here, the Poseys admitted on the record that they never attempted to serve St. Bernard's or Dr. Bolt with the amended complaint. They now attempt to circumvent the procedural requirements of Rule 4 by arguing that St. Bernard's and Dr. Bolt had actual knowledge of the amended complaint. In this regard, the Poseys point to the fact that St. Bernard's filed an answer to both the complaint and the amended complaint. They further speculate that if St. Bernard's had knowledge of the amended complaint then so must have Dr. Bolt. The Poseys, however, cite to no authority in support of this novel proposition. It is well settled that this court will not consider an argument that is unsupported by convincing authority. *Shotzman,* 363 Ark. 215, 213 S.W.3d 13; *Holcombe v. Marts,* 352 Ark. 201, 99 S.W.3d 401 (2003); *Bonds v. Carter,* 348 Ark. 591, 75 S.W.3d 192 (2002).

■ Moreover, the Poseys' argument on this point is directly contrary to our case law that the requirements of Rule 4 must be strictly construed. *See Shotzman,* 363 Ark. 215, 213 S.W.3d 13; *Smith,* 353 Ark. 701, 120 S.W.3d 525. Simply stated, the Poseys' admission that they never attempted to serve the amended complaint as required in Rule 4 defeats any argument now raised by them that they complied with the dictates of the rule. Thus, the issue becomes whether or not St. Bernard's or Dr. Bolt waived the insufficiency-of-service-of-process defense.

The Poseys argue that St. Bernard's and Dr. Bolt waived any defect in service of process because the issue was not properly raised pursuant to Ark. R. Civ. P. 12(h)(1) in the first responsive pleading or in a motion filed prior to or simultaneously with the first responsive pleading. Thus, according to the Poseys, this

waiver precludes St. Bernard's and Dr. Bolt from now arguing that the statute of limitations has expired.

St. Bernard's argues that the instant case turns on a statute-of-limitations defense, not an insufficiency-of-service-of-process defense, which are two separate and distinct defenses, and that they properly raised their limitations defense. Dr. Bolt argues that they could not have waived any such defense, because they were never served with the amended complaint.

This court addressed a similar argument in *Sublett*, 330 Ark. 58, 952 S.W.2d 140. There, the appellant argued that the appellee's limitations defense was flawed because he waived a defense regarding insufficiency of service of process under Rule 12(h)(1), where he failed to move for dismissal on that ground and failed to raise the defense in his answer. In rejecting that argument, this court stated:

> Moreover, while Rules 12(b)(5) and 12(h)(1) clearly set forth the procedure for raising an insufficiency-of-service-of-process defense, they do not set the conditions for mounting a limitations defense. The touchstone for a limitations defense to a tort action is when the cause of action was commenced. *See* Ark. Code Ann. § 16-56-105 (1987). Berry raised the statute of limitations as an affirmative defense in his answer and has shown failure to commence the litigation within three years as required by our caselaw. *See Forrest City Mach. Works, Inc. v. Lyons, supra; Green v. Wiggins, supra.* That is all that is required.
>
> Finally, we view the cases of *Lawson v. Edmondson, supra,* and *Farm Bureau Mut. Ins. Co. v. Campbell, supra,* as clearly distinguishable. The *Lawson* case did not involve the statute of limitations but solely concerned a Rule 12(b)(5) defense of insufficient service. Similarly, the issues of commencement of a cause of action and the running of a limitations period were not before this court in the *Farm Bureau* case. Hence, neither case is authority for the question at hand.

*Id.* at 63-64, 952 S.W.3d at 142-43.

The Poseys contend that *Sublett* is distinguishable, arguing that the 120-day period for completing service of process had not expired in this case when St. Bernard's and Dr. Bolt filed their answers. Moreover, according to the Poseys, the instant case should be controlled by this court's decision in *Southern Transit Co., Inc. v. Collums,* 333 Ark. 170, 966 S.W.2d 906 (1998).

We agree that *Collums* is controlling as to St. Bernard's, but not Dr. Bolt. In *Collums*, a defendant, who was improperly served, filed an untimely answer and later, in a response to a motion for a default judgment, asserted for the first time the defense of improper service. This court held that such a defense was waived, not because of the untimeliness of the defendant's answer; rather, because the defendant did not assert insufficiency of service in its initial responsive pleading, as required by Rule 12(h)(1). The court explained:

> It is well settled that pursuant to Ark. R. Civ. P. 12(h)(1), a party waives the defense of insufficiency of process under Ark. R. Civ. P. 12(b)(4) if he or she fails to raise the argument in either the answer or a motion filed simultaneously with or before the answer. *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990). In this case, Southern Transit filed an answer on June 19, 1997, but its argument regarding the insufficiency of process was not raised until June 23, 1997, when Southern Transit filed its response to Collums's motion for default judgment. Because Southern Transit did not raise its valid defense of insufficiency of process in the answer, or by motion filed prior to or simultaneously with the answer, we hold that the defense was waived.

333 Ark. at 176, 966 S.W.2d at 908. Thus, where a party has knowledge of a pending action, it is required to raise the defense of insufficient service of process; otherwise, such a defense is waived. *Id.*

Unlike the appellee in *Sublett*, St. Bernard's, after obtaining a copy of the amended complaint from the circuit clerk, filed an answer to both the original and amended complaints prior to the expiration of the 120-day period for completing service of process. Therein, it asserted a limitations defense under Rule 8(c), but nowhere in its answer did St. Bernard's allege that the Poseys had failed to comply with the service requirements of Rule 4. Because St. Bernard's failed to raise its defense of insufficient service of process as required by Rule 12(b)(5), it has waived that defense. Thus, it was error for the trial court to grant St. Bernard's motion for summary judgment.

With regard to Dr. Bolt, however, we cannot say that he waived his defense of insufficient service of process, as there was no proof presented that he had any knowledge of the filing of the amended complaint. In fact, Dr. Bolt submitted an affidavit

averring that he never received a copy of the amended complaint.[2] In *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001), this court held that the waiver provision of Rule 12(h)(1) is inapplicable where a party never obtained a copy of the complaint and was in no position to file any type of responsive pleading. Because Dr. Bolt never received the Poseys' amended complaint or attempted to file any responsive pleading to it, we cannot say that he waived his defense of insufficient service of process.

Finally, the Poseys contend that pursuant to Rule 4, it was improper for the trial court to dismiss their cause of action with prejudice, because the proper sanction for dismissing a case where there has been ineffective service of process is to dismiss it without prejudice. Specifically, they argue that they were entitled to the protection of Arkansas's savings statute, codified at Ark. Code Ann. § 16-56-126 (1987), thus, allowing them to refile their suit within one year from the date it was dismissed. St. Bernard's and Dr. Bolt counter that the savings statute is inapplicable because the Poseys failed to ever properly commence a valid cause of action.

Because we have determined that the trial court erred in granting St. Bernard's motion for summary judgment, we need not address this argument as it applies to the hospital. Thus, the only question remaining is whether the Poseys are entitled to the protections of the savings statute with regard to their action against Dr. Bolt. For the reasons set forth below, they are not.

Pursuant to section 16-56-126, a plaintiff may commence a new action within one year after suffering a nonsuit. *See also Smith*, 353 Ark. 701, 120 S.W.3d 525. However, this court has recognized that failure to comply with the service requirements of Rule 4(i) results in a failure to commence the action so as to effectuate the one-year savings provision provided in section 16-56-126. *See Green*, 304 Ark. 484, 803 S.W.2d 536.

Even though this court has interpreted the savings statute liberally, applying it in cases where a timely, completed attempt at service was later held to be invalid, *see Lyons*, 315 Ark. 173, 866 S.W.2d 372, this court has specifically held that service of process

---

[2] The Poseys argue that this court should disregard Dr. Bolt's affidavit, as it was filed after the time allowed for a response pursuant to Ark. R. Civ. P. 56. We will not address the merits of this argument as it was raised for the first time on appeal. *See AT&T Communications of the S. W., Inc. v. Arkansas Pub. Serv. Comm'n*, 344 Ark. 188, 40 S.W.3d 273 (2001).

must, at least, be timely attempted in order for the action to be deemed to have commenced so that the savings statute will apply. *Id.*

Here, as previously pointed out, the Poseys admitted that they did not attempt to comply with the service of process requirements of Rule 4. Accordingly, they cannot now avail themselves of the protections of the savings statute in an attempt to refile their cause of action against Dr. Bolt.

Affirmed in part; reversed and remanded in part.