Lance CLOUSE, D.C. *v.* Ngau Van TU

CA 07-586                                    274 S.W.3d 344

Court of Appeals of Arkansas
Opinion delivered February 6, 2008

*Davis, Wright, Clark, Butt & Carithers, PLC,* by: *Constance G. Clark* and *Sidney P. Davis, Jr.,* for appellant.

*Carr & Carr Attorneys,* by: *Phillip L. Votaw,* for appellee.

D.P. MARSHALL JR., Judge. This case arises at the three-way intersection of a service problem, the statute of limitations, and the terms of the dismissal. The question presented is whether the circuit court should have dismissed Ngau Van Tu's lawsuit against his former chiropractor, Dr. Lance Clouse, with prejudice or without prejudice. As Dr. Clouse contends, our review is *de novo* because this case turns on court rules and precedents about commencement, an issue of law. We conclude that Tu commenced his case by completing timely but defective service of his complaint and summons. As the circuit court ruled, this defect entitled Dr. Clouse to have this case dismissed, but without prejudice to it being refiled by Tu.

## I.

One week before the statute of limitations (as extended by a tolling agreement) expired, Tu sued Dr. Clouse. Tu alleged negligent treatment. About two weeks after filing suit, Tu served the complaint and summons but did so imperfectly.

The personal service was defective under Rule of Civil Procedure 4(d)(1). Dr. Clouse was with a patient when the process server came to his office with the suit papers. The server gave the complaint and summons to Dr. Clouse's wife, who was working there as his office manager. Mrs. Clouse was not her husband's registered agent to receive process. The process server testified by affidavit, however, that she told him that she was Dr. Clouse's agent; Mrs. Clouse's affidavit did not discuss this alleged representation. And the service did not occur at Dr. Clouse's "dwelling house or usual place of abode," where we presume that he and Mrs. Clouse live. Ark. R. Civ. P. 4(d)(1).

In due course, Dr. Clouse timely answered the complaint and asserted his defenses including that service was defective. Tu did not attempt to cure this problem by serving the lawsuit again.

Several months later Dr. Clouse moved to dismiss. By then, the statute of limitations had expired. Dr. Clouse — relying on precedents exemplified by *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991) — sought a dismissal with prejudice. Because, Dr. Clouse argued, Tu did not complete good service on him within 120 days of filing his complaint, Tu never commenced his case before the statute ran, and his claims were now barred.

The circuit court granted Dr. Clouse's motion in part. It dismissed the case, but did so without prejudice. This decision triggered our saving statute, Ark. Code Ann. § 16-56-126(a)(1) (Repl. 2005), and began a one-year period in which Tu may refile his case. *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 621-22, 954 S.W.2d 939, 940 (1997). In a salutary step that aids our appellate review, the circuit court explained why it refused to dismiss with prejudice. "The rationale in *Forrest City Machine Works, Inc. v. Lyons*[,] 315 Ark. 173, 866 S.W.2d 372 (1993) is the reason that I find the case should be dismissed without prejudice."

Dr. Clouse appeals. He argues that *Lyons II*[1] and like cases do not control because their rule is triggered only by completed service. Here, Dr. Clouse continues, Tu did not complete personal service on him because Tu served only Mrs. Clouse. Therefore, he argues, the *Green* line of precedents applies; Tu never commenced his lawsuit and his claims are now barred by limitations. Tu defends the decision below by arguing that *Lyons II* governs.

## II.

The circuit court decided this issue correctly. The *Green* line of precedents does not apply. In those cases, the plaintiff made no completed service at all within the time prescribed by Rule 4. *E.g.*, *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 162, 226 S.W.3d 757, 763 (2006) (plaintiffs "admitted on the record that they never attempted to serve [defendant] with the amended complaint"); *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 215, 979 S.W.2d 885, 888 (1998) (no service completed until after the 120-day period expired); *Bodiford v. Bess*, 330 Ark. 713, 715, 956 S.W.2d 861, 862 (1997) ("service on [defendant] was not obtained"); *Sublett v. Hipps*, 330 Ark. 58, 62, 952 S.W.2d 140, 142 (1997) (plaintiff

---

[1] There were two appeals in the *Lyons* case, *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) (*Lyons I*), and the decision cited by the circuit court, *Lyons II*.

"concedes that service was not accomplished on [co-defendant] within 120 days because counsel was under the false impression that [the co-defendant] had died without insurance coverage"); *Hicks v. Clark*, 316 Ark. 148, 150, 870 S.W.2d 750, 752 (1994) (plaintiff "waited over ten months before completing any service on [defendant]"); *Green*, 304 Ark. at 485, 488-89, 803 S.W.2d at 537-39 (plaintiff "made no attempt to serve [three defendants]").

This principle — no completed timely service means no commencement under Rule of Civil Procedure 3 or the saving statute — is the common denominator in each of Dr. Clouse's authorities, and in all the authorities that this court has examined, on this issue. The leading commentators put the matter this way: "[I]f no service whatsoever is made within the 120-day period or the extended time period set by the court, the action was never commenced and the statute of limitation continues to run. After expiration of the statute, a dismissal on defendant's motion is with prejudice." David Newbern & John J. Watkins: 2 Arkansas Practice Series: Civil Practice and Procedure, § 12:2, at 280 (4th ed. 2006 and Supp. 2007) (footnotes collecting cases omitted).

Timely but defective service is not no service. As the circuit court ruled, *Lyons II* is directly in point. Here is the supreme court's holding, which governs this case:

> In sum, to toll the limitations period and invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. A court's later ruling finding that completed service invalid does not disinherit the plaintiff from the benefit of the saving statute.

315 Ark. at 177, 866 S.W.2d at 374.

Consider the facts of the *Lyons* cases. The deputy sheriff took the complaint and summons to the manager of Forrest City Machine Works. The deputy filed a return stating that he had served the company. The manager, however, later testified by affidavit that the deputy did not leave the suit papers with him. In *Lyons I*, the supreme court affirmed the circuit court's decision dismissing the first case for improper service. 301 Ark. at 562-63, 785 S.W.2d at 222. In *Lyons II*, the supreme court rejected the company's argument that the improper service did not commence the case and entitle Mr. Lyons to refile it under the saving statute. 315 Ark. at 175-77, 866 S.W.2d at 373-74. The supreme court held that the facts established completed, but improper, service.

*Lyons II*, 315 Ark. at 176, 866 S.W.2d at 374. As Dr. Clouse points out, the supreme court's decision in *Lyons II* that service was completed does not square exactly with the facts as recited by *Lyons I*. But to highlight that looseness does not undermine this settled precedent or the governing rule: timely and completed service later invalidated commences the case.

Tu filed his complaint within the limitations period and completed timely — albeit defective — service of it. Dr. Clouse timely answered, preserved his objection about the defective service, and then moved to dismiss. The circuit court agreed with Dr. Clouse and concluded that the completed service was invalid. That conclusion, however, does not mean that Tu failed to commence his case in a timely fashion under Rule 3 and the saving statute. *Lyons II* and similar cases hold that he did so.

*Lyons II* is not a stray precedent. The supreme court, and this court, have recognized and applied it repeatedly. *E.g.*, *McCoy v. Montgomery*, 370 Ark. 333, 337-39, 259 S.W.3d 430, 433-35 (2007); *Posey*, 365 Ark. at 165-66, 226 S.W.3d at 765; *Long v. Bonds*, 89 Ark. App. 111, 113, 200 S.W.3d 922, 923-24 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 710-11, 120 S.W.3d 525, 530-31 (2003). In each of these cases and others, the appellate court reaffirmed the holding of *Lyons II* on which the circuit court decided this case.

Dr. Clouse argues that, given the bad service in this case, applying *Lyons II* here changes the commencement standard from completed service to attempted service. He points out that the *Keener* case explicitly rejected attempted service as the standard. We acknowledge that some of the precedents speak about attempted service. *E.g.*, *Lyons II*, 315 Ark. at 177-78, 866 S.W.2d at 375 (Brown, J., concurring); *Posey*, *supra*; *McCoy*, *supra*. If any attempted service suffices, however, then Tu commenced his case by serving the complaint and summons on Mrs. Clouse. Articulating the legal standard in this way therefore does not help Dr. Clouse end this case now. Attempted service, moreover, is not the standard. Notwithstanding the mention of attempted service in some of the cases, the governing legal principles are clear.

For several reasons, we are not persuaded that this case works any change in the settled law about commencement. The key ingredient is timely completed service that turns out to be defective. First, *Keener* did reject an attempted-service argument, but *Keener* is really a no-service case. The plaintiff made no completed

service during the 120-day period. She attempted service on the defendant corporation during that period by certified mail, but the letter was returned as "undeliverable." It was only after the 120-day period expired that she completed service on the Secretary of State. 335 Ark. at 211, 215, 979 S.W.2d at 886, 888. Second, the supreme court's most recent precedents on point — *McCoy* and *Posey* — speak of attempted service as the outer boundary in these cases. This formulation is really just another way of expressing the rule of timely and completed but defective service exemplified by *Lyons II*. This understanding explains why Justice Brown joined the court's opinion in *Lyons II* but also spoke about a timely attempt at service in his concurrence.

*Posey*, for example, is a no-service case: the plaintiffs never served the co-defendant/appellee Dr. Bolt at all, 365 Ark. at 161-62, 226 S.W.3d at 762-63, and thus the case falls squarely in the *Green* line. *McCoy* is almost exactly like *Lyons II*, but there was one twist: the circuit court upheld the timely but defective service. The plaintiffs nonetheless grew concerned about the adequacy of that service, and nonsuited and refiled their case out of an abundance of caution. On appeal after a judgment in the refiled case, relying on *Lyons II* the supreme court rejected Dr. McCoy's limitations argument. 370 Ark. at 337-39, 259 S.W.3d at 433-35. We do not believe that *McCoy* conflicts with *Keener* or changed the governing law to an attempted-service rule. Again, service in *McCoy* was timely completed but defective. *Ibid.*

The supreme court has never held that any attempt at service, whether completed or not, commences a case. Indeed *Keener* rejected that standard. And we do not adopt or apply this standard today. Instead, the cases fall in two lines: those in which no timely service was completed, and those in which timely service was completed but done imperfectly. Tu's case, as the circuit court correctly concluded, is in the second line.

We note one new decision that appears to break this pattern. The parties do not address *Brennan v. Wadlow*, 372 Ark. 50, 270 S.W.3d 831 (2008) because the supreme court decided it after they filed all their briefs in this case. The Brennans completed timely service of their complaint against Wadlow (a teenaged driver) by serving Wadlow's father at the father's place of business — because Wadlow used that address as his residence on his driver's license. After the statute of limitations ran, the circuit court granted Wadlow's motion to dismiss. The supreme court affirmed. It rejected all the Brennans's arguments for reversal, which turned on

whether the business was young Wadlow's usual place of abode and whether the teenager committed fraud and misrepresentations about his residence.

*Brennan* is thus a completed-but-defective service case where commencement should have been found. The decision, however, does not mention or address *Lyons II*. To be sure that the Brennans made no argument from *Lyons II* or similar cases, we have reviewed the record and the briefs in *Brennan*. *Compare United States v. Sithithongtham*, 192 F.3d 1119, 1123 (8th Cir. 1999) (Arnold, J.). The Brennan plaintiffs never relied on *Lyons II* or argued that their timely but defective service commenced the case and tolled the limitations period. The Brennans's waiver of an argument that would have preserved their lawsuit does not alter the well-established legal landscape that we have explored in this opinion.

## III.

As in *Lyons II*, Tu made timely service of his lawsuit. As in *Lyons II*, the circuit court here correctly held that his completed service was defective — because Dr. Clouse's office was not his residence and Mrs. Clouse was not his agent for service. However these circumstances are characterized — attempted service or timely completed service later ruled invalid — should not, and we hold does not, affect the commencement inquiry. It serves no useful purpose to ponder whether service that is made incorrectly is really "completed" when measured against some Platonic form of ideal service. Here the law must be practical and clear. It is: when the plaintiff completes timely service of the summons and complaint, he commences his case even if time reveals that the service was defective in some particular. This standard, settled by *Lyons II* and counter-balanced by *Green's* no-service rule, will answer the mine run of cases.

As Dr. Clouse points out, we strictly construe our service rules. Those rules insure personal jurisdiction by protecting defendants' Due Process rights and in particular the right to notice of the lawsuit. *Posey*, 365 Ark. at 161-62, 226 S.W.3d at 763. Dr. Clouse prevailed on this issue because service was imperfect. The commencement inquiry under Rule 3 and the saving statute, however, preserves equally important rights. When a plaintiff files his case during the limitations period, and serves it promptly but imperfectly under Rule 4, if the limitations period has expired then he deserves the grace period provided by our saving statute to refile

his case and serve it properly. *Cole v. First National Bank of Fort Smith*, 304 Ark. 26, 30–31, 800 S.W.2d 412, 415 (1990). If the law were otherwise, the beneficent purpose of our saving statute would be thwarted. Tu timely commenced his case pursuant to Rule 3, and thus he was entitled to a dismissal without prejudice and the shelter of the saving statute.

Affirmed.

VAUGHT and MILLER, JJ., agree.