SLIP OPINION

Cite as 2015 Ark. App. 287

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–754

| | | |
|---|---|---|
| | | **OPINION DELIVERED** MAY 6, 2015 |
| JOHN HALL | APPELLANT | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. CV-2013-143-3] |
| V. | | HONORABLE TIM WEAVER, JUDGE |
| STATE FARM BANK | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant John Hall appeals the November 14, 2013 default judgment and the June 16, 2014 order denying his motion to dismiss and quash garnishment filed by the Independence County Circuit Court. He argues that the circuit court erred in not finding that a summons directed to both appellant and his ex-wife, Susan Hall, as multiple defendants, was deficient process under Arkansas Rule of Civil Procedure 4(b) (2013) and failed to confer personal jurisdiction, rendering the default judgment void *ab initio*. We affirm.

On September 11, 2013, appellant was personally served a summons by a licensed process server which directed "THE STATE OF ARKANSAS TO DEFENDANT: John and Susan Hall." Appellant never filed an answer to the complaint by appellee State Farm Bank. The circuit court granted a default judgment on November 2, 2013, and the judgment

was filed on November 14, 2013. A writ of garnishment was filed on January 3, 2014, and the garnishment order was filed on February 11, 2014. Appellant filed a motion to set aside the judgment and quash the writ of garnishment on February 3, 2014, which, among other things, stated that a deficiency in the summons rendered the default judgment void. After a response and a reply were filed, the circuit court denied the motion to set aside judgment and quash writ of garnishment following a hearing on June 9, 2014, and filed the resulting order on June 16, 2014. A notice of appeal from both was filed on July 8, 2014.

The standard of review for the granting or the denial of a motion to set aside a default judgment varies based upon which subsection of Arkansas Rule of Civil Procedure 55(c) (2014) is invoked. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). In cases such as this one, where appellant states that the judgment is void *ab initio* under Rule 55(c)(2), the standard of review is de novo.

The question is whether multiple names may be inserted in a portion of the summons form that on its face appears to be intended for only the name of the individual party being served. It has been held by our supreme court that "statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact." *Steward v. Kuettel*, 2014 Ark. 499, at 8, 450 S.W.3d 672, 676; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 374–75, 921 S.W.2d 944, 945 (1996).

Arkansas Rule of Civil Procedure 4(b) (2014) governs the form and content of a summons shall have, including that it shall "be directed to the defendant." Appellant notes that the term "defendant" is not pluralized nor is there an optional "s" on it. Also in that

SLIP OPINION

same rule, our supreme court gives its form of summons for personal service. That form begins with the style of the case which, among other things, lists "the names of the parties." Immediately afterward, the heading "SUMMONS" appears in all caps followed by the directive, "THE STATE OF ARKANSAS TO DEFENDANT: [defendant's name and address]." Appellant notes that this form as to whom the summons is directed is singular and the portion that defines what information should be placed on the blank line creates the singular possessive form of "defendant's." He submits that there is no optional plural usage as to whom the summons is directed. This form is simple and concise, and appellant claims that the reason is because this is the form to which each individual involved in a lawsuit is to be apprised of that lawsuit. He urges that it stands to reason that there should be no room for confusion as to who is being notified, who is being called into an action, and who must file an answer.

Appellant argues that receiving a notice with both their names on it left him with the impression that either he or Susan Hall could deal with the matter. He could also have been left with the notion that it was her card, and therefore her responsibility. Appellant argues that by not clarifying which person was actually being put on notice, he was given the impression that he was not individually responsible for answering the summons, which he would have been had the matter been handled within the parameters prescribed by Rule 4. Accordingly, appellant argues that a summons directed to more than one defendant is deficient process under Rule 4(b) and fails to confer personal jurisdiction, rendering any default judgment void ab initio.

3

We disagree and hold that appellant's argument is without merit. We acknowledge that cases preceding this one that have dealt with deviations from the summons form have upheld the notion that statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *See Steward*, *supra*; *Carruth*, *supra*; *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). But as our supreme court stated in *Nucor*, *supra*, "we have also found that a literal application which leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose." *Id*. at 122, 186 S.W.3d at 729.

First, we note that there is no express prohibition in Rule 4(b) or the included form to listing more than one defendant, despite appellant's assertion to the contrary. His argument is one of form over substance that would lead to an absurd consequence under these facts. This is not a situation where the summons had not been signed by the circuit clerk. *See Carruth*, *supra*. It is also distinguishable from *Wilburn*, *supra*, where a default judgment was reversed because the "restricted delivery" box was not checked when attempting to gain service by certified mail, leading to another person signing for the delivery. It is also dissimilar to *Edmonson*, *supra*, where the default judgment was reversed where service was made upon a member of appellant's household, his wife, at the jail rather than at the place of abode.

In *Nucor*, *supra*, the appellant argued that a summons that listed the defendants as "Nucor Corporation, Et Al." was defective because it was not in strict compliance with Rule 4. Nucor argued that the summons failed to list all of the defendants, as required under its

4

interpretation of Rule 4, because the summons directed to Nucor Corporation substituted additional defendant names with "Et Al." Our supreme court held that the summons that referred to a number of defendants as only "Nucor Corporation, Et Al." was not fatally defective because Nucor, the party at issue, was correctly identified in that summons. *Nucor*, 358 Ark. at 123, 186 S.W.3d at 730 (2004). As in *Nucor*, in no way did the form of the summons in this case fail to apprise appellant of the pendency of the suit or deny him an opportunity to be heard. He makes no such argument. We hold that the summons was not fatally defective.

We acknowledge that the year after the *Nucor* decision, our supreme court held that, "The language of the official form includes the phrase 'THE STATE OF ARKANSAS TO DEFENDANT: _____ .' We are unwilling to conclude that this phrase is nothing more than surplus verbiage." *Shotzman v. Berumen*, 363 Ark. 215, 228, 213 S.W.3d 13, 20 (2005). We note, however, that *Shotzman* dealt with a distinguishable factual situation in which one of the specific defendants was left off the summons, thus causing an invalid service of process because the summons failed to apprise that defendant that a suit was pending against it and afford it an opportunity to be heard.

*Nucor* sets a floor for compliance with Rule 4 that requires that the summons clearly apprise the defendant receiving it of a pending lawsuit against him or her by correctly identifying the party to which it is directed. *Nucor*, 358 Ark. at 122–23, 186 S.W.3d at 729. We hold that the summons in this case conforms to the heightened level of compliance with Rule 4 that the supreme court rejected as leading to potentially "absurd consequences." *Id*.

5

Appellee's summons reads: "THE STATE OF ARKANSAS TO DEFENDANT: JOHN HALL AND SUSAN HALL." The language of *Nucor* contemplates that listing all of the defendants on a summons is the proper literal reading of Rule 4. *Id.* Appellant is clearly identified in the summons, and we find no merit in his argument that the summons is deficient for identifying other defendants—here, Susan Hall.

We also distinguish the cases upon which appellant relies regarding a mistake or deviation on a summons form not constituting excusable error simply because he was put on notice that there was a lawsuit. While acknowledging *Carruth, supra*, and the cases cited therein, in which Arkansas appellate courts have held that actual knowledge of a proceeding does not cure bad service or validate defective process, *see Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982) (superseded by Rule 55 as amended in 1990), we hold that under these facts no mistake or deviation in the summons occurred.

Finally, we reiterate that our supreme court has held that pro se litigants are held to the same standard as those represented by counsel. *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003). Pro se litigants receive no special consideration of their argument and are held to the same standard as a licensed attorney. *Elder v. Mark Ford & Assocs.*, 103 Ark. App. 302, 288 S.W.3d 702 (2008). Until appellant retained an attorney, he was proceeding pro se, electing not to consult with an attorney and ignoring the summons altogether. Appellant's argument that *Nucor* is inapplicable because Nucor Corporation was a sophisticated corporation, and he is an "individual, uneducated in the law" is without any

basis in law, as both *Moon* and *Elder* hold that all litigants are held to the same standards, regardless of sophistication.

Affirmed.

ABRAMSON and HARRISON, JJ., agree.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Bill Arnold* and *Blair Arnold*, for appellant.

*Hosto & Buchan, P.L.L.C.*, by: *Brien G. Saputo*, for appellee.