Cite as 2016 Ark. App. 206

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-1050

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY <br><br> APPELLANT <br><br> V. <br><br> BRIAN SKENDER <br> APPELLEE | **Opinion Delivered** April 13, 2016 <br><br> APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-13-532] <br><br> HONORABLE ROBERT H. WYATT, JR., JUDGE <br><br> REVERSED AND REMANDED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL |

**PHILLIP T. WHITEAKER, Judge**

This appeal arises from the dismissal without prejudice of a Federal Employers' Liability Act (FELA)[1] complaint filed by appellant, Brian Skender, against the Union Pacific Railroad Company (UPRR). UPRR filed a timely notice of appeal of the trial court's determination that the complaint should be dismissed without prejudice (i.e., direct appeal). Skender then filed a timely notice of cross-appeal from the trial court's determination that the summons was fatally deficient. We reverse and remand on direct appeal. We affirm on cross-appeal.

## I. *Validity of Summons*

Because a finding of error on the cross-appeal would cause the direct appeal to be moot, we address it first. In order to address the merits of the cross-appeal, a brief understanding of the facts and procedural history of the case is essential.

---

[1] 45 U.S.C. § 51 *et seq.*

On July 11, 2012, Skender was injured while working at a UPRR repair track in Pine Bluff, Arkansas. He timely filed and served his FELA claim against UPRR on October 25, 2013. UPRR filed an answer denying Skender's claims and pleading, among other 12(b) defenses, insufficiency of process and insufficiency of service of process.

On July 25, 2014, shortly after the statute of limitations had run on Skender's claim,[2] UPRR filed a motion to dismiss with prejudice, alleging that it had not been served with a summons. Skender responded, asserting that summons had been served with the complaint and attaching the Sheriff's proof of service indicating that a copy of the summons and complaint had been served on The Corporation Company, UPRR's registered agent for service of process. UPRR then renewed its motion, contending that the summons purportedly served with the complaint was fatally defective in that it was directed to its registered agent rather than to UPRR. Skender responded denying that the summons was fatally deficient. After reviewing the pleadings and hearing arguments of counsel, the trial court granted UPRR's motion to dismiss finding the summons was fatally deficient. In his cross-appeal, Skender challenges the trial court's determination that the summons issued in this case was fatally deficient. We now turn our attention to the summons issued by the clerk in this case.

Our attention to the summons will focus on two sections: the caption of the summons and the "directed to" provision of the summons. The caption correctly designated UPRR as

---

[2] A FELA claim has a three-year statute of limitations.

the defendant in the action, but then listed its registered agent as a "Claimant." The "directed to" provision of the summons then provided, in part,

> "THE STATE OF ARKANSAS TO DEFENDANT: *Registered Agent, The Corporation Company*, 124 West Capitol Avenue, Suite 1900, Little Rock, Ar. 72201 A lawsuit has been filed against *you*. The relief demanded is stated in the attached complaint. Within 30 days after service of summons on *you* (not counting the day you received it) . . . *you* must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

 (Emphasis added.)

Clearly the "directed to" provision of the summons incorrectly listed the The Corporation Company, rather than UPRR, as the defendant against whom the lawsuit was pending, the defendant who had been served, and the defendant responsible for filing an answer. The trial court found that because the summons failed to include the name "Union Pacific Railroad Company" and its address following the phrase "THE STATE OF ARKANSAS DIRECTED TO DEFENDANT," it failed to strictly comply with Rule 4 of the Arkansas Rules of Civil Procedure.[3]

Our law is well settled. A circuit court acquires no jurisdiction over a defendant unless the plaintiff strictly complies with the service-of-process rules. *Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257; *Cagle v. Terwilliger*, 2015 Ark. App. 191, 458 S.W.3d 770. Strict compliance specifically applies to the technical requirements of a summons, and a defendant's personal knowledge of the litigation will not cure a fatal defect in the summons. *See Earls v. Harvest Credit Mgmt. VI–B, LLC*, 2015 Ark. 175, 460 S.W.3d 795, and *Smith v.*

---

[3] Arkansas Rule of Civil Procedure 4(b) (2015) governs the form and content of a summons, including that it shall "be directed to the defendant." *Hall v. State Farm Bank*, 2015 Ark. App. 287, at 2, 462 S.W.3d 701, 703.

3

SLIP OPINION

*Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). This court reviews a circuit court's factual conclusions regarding service of process under a clearly-erroneous standard, and when dismissal is a matter of law, the court conducts a de novo review of the record. *McMahan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 590, 446 S.W.3d 640.

Our supreme court has held that "statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact." *Steward v. Kuettel*, 2014 Ark. 499, at 8, 450 S.W.3d 672, 676; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 374–75, 921 S.W.2d 944, 945 (1996); *Hall v. State Farm Bank*, *supra*. Skender acknowledges this rule, but cites to our supreme court's decision in *Nucor v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004), to support his contention that a literal application of the rule in this case would lead to an absurd consequence because UPRR never argued that they were not on notice of the suit or that they were denied an opportunity to be heard. In fact, UPRR timely answered the complaint and participated in the litigation.

Skender's argument must fail for two reasons. First, our supreme court has clearly held that a defendant's personal knowledge of the litigation does not cure a fatal defect in the summons. *Earls v. Harvest Credit Mgmt. VI–B, LLC*, *supra*. Second, the *Nucor* case cited by Skender is distinguishable. In *Nucor*, the defendant was correctly named in the summons, but its codefendants were not. Thus, Nucor was clearly apprised on the face of the summons of the pendency of the suit against it. Here, UPRR was not correctly named in the summons. While it was listed as the sole defendant in the caption, the summons was not directed to it

in the body of the document as required under our rules. To make matters even more confusing, its registered agent— which was inexplicably listed as a claimant in the caption— was listed as the defendant to whom the summons was directed in the body of the summons. Thus, unlike *Nucor* who was correctly listed in both places in the summons, UPRR was incorrectly identified. Thus, the trial court's determination that the summons was fatally deficient was not in error.

## II. *Dismissal With or Without Prejudice*

We next turn to the issue on direct appeal—whether the dismissal should have been issued with or without prejudice. Below, UPRR argued that the court should dismiss with prejudice due to the defective summons. While disagreeing that the summons was defective, Skender argued, in the alternative, that equitable tolling would allow a dismissal without prejudice. The court found that the refiling of Skender's claim was not barred by the statute of limitations, citing an Arkansas savings statute case,[4] and ordered the dismissal to be without prejudice. UPRR contends that the trial court erred in applying the Arkansas savings statute in a FELA action and that, because the statute of limitations had run on Skender's claim, the trial court erred in dismissing the complaint without prejudice. UPRR also contends on appeal that Skender is not entitled to an equitable tolling of the limitations period under federal law.

We agree with UPRR's contention that the trial court erred in applying the Arkansas savings statute. Relying on *Clouse v. Tu*, *supra*, an Arkansas savings statute case, the trial court

---

[4] *Clouse v. Tu*, 101 Ark. App. 260, 274 S.W.3d 260 (2008).

ruled that because service was perfected within 120 days of the timely commencement of the FELA action, Skender was not barred by the statute of limitations from refiling his complaint. However, the United States Supreme Court has clearly stated that the savings statutes of the individual states do not apply in FELA actions. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965). Thus, the trial court's reliance on the Arkansas savings statute was erroneous as a matter of law.

This does not automatically conclude Skender's case, however. Federal law also allows the statute of limitations to be tolled under certain circumstances, and Skender argued to the trial court that equitable tolling should apply in this case. Because the trial court found that the savings statute applied, it did not make any findings with respect to Skender's equitable tolling argument. As a result, we remand this issue to the trial court to make the requisite findings on whether equitable tolling is available to suspend the statute and whether dismissal with or without prejudice is appropriate.

Reversed and remanded on direct appeal; affirmed on cross-appeal.

GLADWIN, C.J., and HARRISON, J., agree.

*Friday, Eldredge & Clark, LLP*, by: *Robert S. Shafer* and *Jamie Huffman Jones*, for appellant.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellee.