

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–17–363

| | |
|---|---|
| BRIAN SKENDER<br><br>APPELLANT<br><br>V.<br><br><br>UNION PACIFIC RAILROAD COMPANY<br><br>APPELLEE | **Opinion Delivered** November 29, 2017<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NOS. 35CV–13–532 AND 35CV–15–586]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>SUPPLEMENTAL ADDENDUM ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Brian Skender filed two separate complaints against appellee Union Pacific Railroad Company (UPRR) seeking relief under the Federal Employers' Liability Act (FELA).[1] The Jefferson County Circuit Court dismissed both complaints with prejudice. Skender appeals both dismissals. We are unable to address the merits due to deficiencies in the addendum.

This case is before us for a second time after remand.[2] Skender, a UPRR employee, was injured while working at a UPRR repair track in Pine Bluff, Arkansas. He timely filed and served his first FELA complaint against UPRR in 2013 (2013 complaint). After the statute

---

[1]45 U.S.C. §§ 51 et seq.

[2]A more detailed recitation of the facts and procedural history is presented in *Union Pac. R.R. Co. v. Skender*, 2016 Ark. App. 206, 489 S.W.3d 176.

of limitations had run, UPRR filed a motion to dismiss, asserting that the summons issued with the complaint was fatally deficient. Skender denied that the summons was defective, but asserted that if the court disagreed, the complaint should be dismissed without prejudice under the application of either the Arkansas savings statute or the doctrine of equitable tolling. The circuit court granted UPRR's motion to dismiss, finding the summons was fatally deficient but ordered the dismissal to be without prejudice based on the application of the Arkansas savings statute as espoused in *Clouse v. Tu*, 101 Ark. App. 260, 274 S.W.3d 260 (2008). Because the circuit court ruled that the savings statute was applicable to save Skender's claim, it did not address Skender's equitable-tolling claim.

UPRR appealed the circuit court's dismissal of the 2013 complaint without prejudice, contending that the Arkansas savings statute was inapplicable to FELA actions. In a cross-appeal, Skender challenged the circuit court's determination that the summons issued in this case was fatally deficient. We affirmed the circuit court's determination that the original summons was fatally deficient. We also agreed with UPRR's contention that the circuit court erred in applying the Arkansas savings statute to this FELA action. However, we remanded for the circuit court to make the requisite findings on whether equitable tolling was available to suspend the statute of limitations and whether dismissal with or without prejudice was appropriate.

While the appeal was pending, Skender refiled his FELA claim (2015 complaint).[3] Skender reasserted his factual cause of action alleged in the 2013 complaint, noted the

---

[3]The complaint was refiled on October 15, 2015, and was served on UPRR's registered agent on October 26, 2015. Our opinion of remand was issued on April 13, 2016.

previous dismissal without prejudice, and contended that the three-year period of limitations under FELA was suspended and tolled. UPRR denied that Skender was entitled to FELA relief and specifically denied that the period of limitations had been suspended or tolled.

The circuit court subsequently held a hearing on the remanded equitable-tolling issue. After hearing arguments of counsel, the circuit court found that Skender had not pursued his rights diligently and had not shown any extraordinary circumstance that stood in his way or prevented a timely filing. As such, the circuit court concluded that Skender had failed to prove that he was entitled to equitable tolling. Accordingly, the circuit court dismissed both the 2013 and 2015 complaints with prejudice. Skender appeals these dismissals, arguing that the circuit court erred in determining that equitable tolling did not apply.

We cannot reach the merits of Skender's argument because his addendum is deficient. Rule 4–2(a)(8) of the Rules of the Arkansas Supreme Court and Court of Appeals provides that an appellant's addendum shall contain documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Rule 4–2(a)(8)(A)(i) specifically requires the addendum to contain the pleadings as defined by Rule 7(a) of the Arkansas Rules of Civil Procedure—including the complaint—and any motion, response, reply, and related briefs concerning the order challenged on appeal. Skender appeals from the dismissals of both the 2013 complaint and the 2015 complaint. While Skender's addendum contains the pleadings filed in the refiled 2015

lawsuit, it does not contain the pleadings, motions, and other related documents filed in the original 2013 lawsuit as required by our rules.[4]

Based on the deficiencies in the addendum, we hereby order Skender to file a supplemental addendum that complies with our rules. Ark. Sup. Ct. R. 4–2(b)(4) (2017) (allowing parties to file a supplemental addendum when deficiencies do not require complete rebriefing). The supplemental addendum shall be due seven calendar days from the date of this order.

Supplemental addendum ordered.

KLAPPENBACH and VAUGHT, JJ., agree.

*McKissic & Associates, PLLC*, by: *Gene E. McKissic, Sr.*, and *Jackie B. Harris*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Robert S. Shafer* and *Jamie Huffman Jones*, for appellee.

---

[4]We note that, although these documents are not contained in the record filed by Skender in this appeal (CV–17–363), they are contained in the record filed in the previous appeal (CV–15–1050), which is included in the appellate record in this case.