PHILLIP T. WHITEAKER, Judge
Brian Skender appeals a Jefferson County Circuit Court order dismissing with prejudice his Federal Employers' Liability Act[1] (FELA) claim against Union Pacific Railroad Company (UPRR). He claims that the trial court erred in determining that equitable tolling did not apply to save his claim from the expiration of the statute of limitations. We affirm.
This is the third time this case is before us on appeal. The underlying facts are not complicated. On July 11, 2012, Skender, a UPRR employee, was injured while working at a UPRR repair track in Pine Bluff, Arkansas. From this injury, Skender filed separate causes of action under FELA. He timely filed and served his first FELA cause of action against UPRR on October 25, 2013. (35CV-13-532-2). After the statute of limitations had run, UPRR filed a motion to dismiss, asserting that the summons issued with the complaint was fatally deficient. Skender denied that the summons was deficient but alternatively contended that any deficiency was cured by application of the Arkansas savings statute or the doctrine of equitable tolling. On October 19, 2015, the trial court granted UPRR's motion to dismiss, finding the summons was fatally deficient. The trial court, however, ordered the dismissal to be without prejudice based on the application of the Arkansas savings statute as set forth in Clouse v. Tu , 101 Ark. App. 260, 274 S.W.3d 344 (2008). Because the trial court ruled that the savings statute was applicable to save Skender's claim, it did not address Skender's equitable-tolling claim at that time.
UPRR filed the initial and first appeal with our court, alleging that the October 19, 2015 order of dismissal should have been with prejudice, contending that the Arkansas savings statute was inapplicable to FELA actions. In a cross-appeal, Skender challenged the trial court's determination that the summons issued in the case was fatally deficient. While the appeal was pending, Skender filed his second FELA cause of action. (35CV-15-586-2).
In the first appeal, we affirmed the trial court's determination that the original summons in 35CV-13-532-2 was fatally deficient. We also agreed with UPRR's contention that the trial court erred in applying the Arkansas savings statute to the FELA action. However, we remanded for the trial court to make the requisite findings on whether equitable tolling was available to suspend the statute and whether dismissal with or without prejudice was appropriate. Union Pac. R.R. Co. v. Skender , 2016 Ark. App. 206, 489 S.W.3d 176.
On remand, the trial court found that Skender had not pursued his rights diligently and had not shown any extraordinary *753 circumstance that prevented a timely filing. As such, the trial court held that Skender had failed to prove that he was entitled to equitable tolling of his claim. Accordingly, the trial court dismissed both complaints (35CV-13-532-2 and 35CV-15-586-2) with prejudice. Skender appealed both dismissals, arguing that the trial court erred in determining that equitable tolling did not apply. In this second appeal, we were unable to reach the merits of Skender's arguments because the briefing was deficient, and we ordered a supplemental addendum. Skender v. Union Pac. R.R. Co. , 2017 Ark. App. 649, 2017 WL 5762317. Skender has complied with our addendum directives, and we now address the merits of his appeal.
Skender asserts that equitable tolling should apply to save his claim. Citing Burnett v. New York Central Railroad Co. , 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), and Glus v. Brooklyn Eastern District Terminal , 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), he contends that equitable tolling is appropriate when a plaintiff timely files an otherwise defective pleading or when the plaintiff has been induced or tricked by the opposing party to allow the filing deadline to pass. He maintains that he timely filed a pleading that was only later determined to be defective and that he acted with proper diligence in pursuing his claim for damages pursuant to FELA. He further contends that UPRR was aware during the limitations period that he was actively pursuing his claim and that, as a result, the policy underlying the implementation of the statute of limitations is not violated by equitable tolling.
The trial court found, however, that Skender had not acted diligently in pursuing his claim. The trial court found that UPRR timely answered Skender's complaint in December 2015, asserting the defenses of "insufficiency of process" and "insufficiency of service of process"; yet Skender never sought to clarify UPRR's insufficient service-of-process assertions and took no further action on the case until UPRR filed its motion to dismiss over a year and a half later. The trial court further found that Skender undertook no discovery of his claims and did not respond to UPRR's discovery requests until after UPRR was forced to file a motion to compel. Skender does not refute these findings. Therefore, we find his claim that he acted with proper diligence in pursuing his claim for damages unpersuasive. Under these facts, equitable tolling does not apply, and we affirm the trial court's dismissal of his FELA actions with prejudice.
Affirmed.
Abramson and Virden, JJ., agree.

45 U.S.C. §§ 51 et seq.