Cite as 2024 Ark. App. 594

# ARKANSAS COURT OF APPEALS

DIVISION IV
NO. CV-23-419

| | |
|---|---|
| WESLEY GENE PROWSE | Opinion Delivered December 4, 2024 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60CV-22-1754] |
| V. | |
| UNION PACIFIC RAILROAD COMPANY | HONORABLE CARA CONNORS, JUDGE |
| APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Wesley Prowse appeals the Pulaski County Circuit Court's dismissal of his Federal Employers' Liability Act (FELA) complaint against appellee, Union Pacific Railroad Company (UPRR), for failure to serve a summons on UPRR; the complaint was dismissed with prejudice because the three-year statute of limitations had run. On appeal, Prowse argues (1) that UPRR is estopped to raise the issue of lack of personal service; (2) that because his action was brought under FELA, 45 U.S.C. §§ 51 et seq., equitable tolling of the statute of limitations was applicable to his claim; and (3) that service was sufficient under Arkansas Rule of Civil Procedure 4(k), or that any dismissal should be without prejudice. We affirm the dismissal of Prowse's claim with prejudice.

Prowse filed his complaint against UPRR on March 16, 2022, alleging that he was an occupationally disabled employee of UPRR who was injured in North Little Rock, Arkansas,

in the course of his employment. He brough his action under FELA, alleging that he was exposed to unsafe levels of force, vibration, and static unsafe conditions while working for UPRR, causing him bodily injuries due to UPRR's failure to provide a safe workplace. He asserted that he learned of the occupational connection to his injuries in June 2019.

UPRR filed an answer on April 18, denying Prowse's claims. UPRR pled, among other things, the affirmative defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process and prayed that the complaint be dismissed.

On August 26, UPRR filed a motion to dismiss Prowse's complaint, asserting that it had received an unfiled copy of the complaint on March 14; that no summons was included because the complaint had not yet been filed; that the complaint was filed on March 16 and a summons was issued but never served on UPRR; that a second summons was issued on April 14, but that summons was also not served on UPRR; and that UPRR had filed an answer on April 18 asserting the affirmative defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. UPRR asserted that Prowse had until July 14 to either serve UPRR or obtain an order granting an extension of time for service; neither had been done; and Prowse's complaint should be dismissed with prejudice, as the statute of limitations had run on his claims.

Prowse resisted UPRR's motion to dismiss, arguing that Rule 4(k) of the Arkansas Rules of Civil Procedure applied because UPRR had received a copy of the complaint and had timely and voluntarily filed its answer; he asserted, "While admittedly not the cleanest form of service, for purposes of Rule 4(k) and the court's jurisdiction, the action satisfies

Rule 4 and should be deemed served and the motion denied." Prowse alternatively argued that if the circuit court dismissed his claim, any dismissal should be without prejudice on the issue of the statute of limitations. Prowse asserted UPRR was not prejudiced and that it "sat on this Rule 4 issue to wait until it thought the timeline would strategically be more favorable to its motion for dispositive relief." He asserted that the complaint had been filed on March 16, but the summons issued on that day was apparently never received by his counsel; therefore, a second summons was issued on April 14. Prowse stated that the second summons and the complaint were mailed on April 14, return receipt requested, to UPRR's registered agent—the Corporation Company, 425 West Capitol Avenue, Little Rock, Arkansas—in accordance with Rule 4. Prowse stated that tracking showed that the summons and complaint arrived in Little Rock on April 18, but it was not retrieved by the registered agent and was processed to be returned to the original sender; tracking then indicated that the summons and complaint was available for pickup in Lexington, N.C., on April 30; and it was delivered to Prowse's counsel's office on May 3, although his counsel denied that it was delivered to his office between April 30 and May 3. Prowse then noted that UPRR had received a copy of the complaint and filed an answer on April 18. Prowse claimed that he had made a timely attempt to serve the summons, which was properly prepared, correctly addressed, and identified the correct registered agent; it was unknown why the registered agent avoided or did not retrieve the summons. Prowse also claimed that federal equitable tolling would allow his complaint to be dismissed without prejudice.

3

In reply, UPRR asserted Prowse had never served it with the summons and complaint, and even though he was put on notice of these defects in its answer, he still took no steps to address the jurisdictional problems raised by UPRR. Regarding Prowse's Rule 4(k) substantial-compliance argument, UPRR contended that even substantial compliance required service of process to be completed; it did not authorize Prowse to abandon service requirements entirely, which was what had occurred. UPRR again asserted that the complaint must be dismissed with prejudice because the statute of limitations had run, the Arkansas savings statute was not applicable to FELA actions, and the equitable tolling was not applicable to the case. UPRR noted that Prowse had no return receipt to indicate service, as no green card was returned to his counsel's office, and by his own admission, the certified mail was not picked up.

On the morning of the hearing on UPRR's motion to dismiss, Prowse filed a supplemental memorandum arguing that UPRR had incorrectly identified its registered agent for service of process as "The Corporation Company," which he relied on, and UPRR was now attempting to take advantage of such reliance by seeking dismissal of the complaint. Prowse argued that UPRR's corporate filings created discrepancies and confusion regarding the correct identity of its registered agent, and that due to that erroneous information, he could not properly serve UPRR. He asserted that he did not learn until October 5 that UPRR's registered agent had been changed to CT Corporation on December 31, 2018, but UPRR continued to identify its registered agent as the Corporation Company in subsequent corporate filings with the Secretary of State.

A hearing on UPRR's motion to dismiss was held on January 23, 2023. UPRR argued that Prowse was on notice after it filed its answer that it was claiming that it was not properly served, but Prowse never served discovery or even asked UPRR about the service defenses; as of the date of the hearing, UPRR still had not been served. UPRR noted that at the time it filed its answer on April 18, Prowse still had until July 14 to effect service or to ask for an extension of time to serve UPRR, neither of which he did. Counsel for UPRR noted that Prowse admitted that the certified mailing was returned unclaimed to him on May 3, which was also "another big, red flag" that service had not been obtained, yet no additional service attempts were made, and there was no motion to extend the time for service. Counsel argued that if service was not made within 120 days or within the time granted in a motion to extend the time for service, it was mandatory that the motion be dismissed; UPRR asked that the dismissal be with prejudice because the statute of limitations had run, and the Arkansas savings statute was not applicable to FELA actions.

In response, Prowse argued that UPRR had misinformed the Secretary of State as to its registered agent; he noted Federal Express had mistakenly delivered the unfiled complaint to the Corporation Company, and that the unfiled complaint "somehow makes it to the lawyer's office," but two days later, when a filed copy of the complaint was sent to the same registered agent, it was refused. Prowse stated that a second summons was issued on April 14 and sent to the Corporation Company, but it was rejected; however, in the interim, UPRR had filed an answer. Prowse argued that Rule 4(k) allowed substantial compliance in instances where the defendant was on notice and had an opportunity to file a timely answer.

5

UPRR noted that no one disputed it had never received a summons and file-marked copy of the complaint. When asked by the circuit court about the discrepancies in its registered agent, UPRR argued that there was no issue because there was no proof of any attempt at service. Prowse's counsel argued that by the time he had attempted service through the wrong registered agent, UPRR had filed an answer. But when asked by the circuit court, Prowse's counsel admitted that even if UPRR filed an answer, it had not waived its insufficiency-of-process defenses.

The circuit court granted UPRR's motion to dismiss with prejudice, finding that Prowse failed to serve a summons on UPRR; that the FELA action was now barred by the statute of limitations; that the Arkansas savings statute was not applicable to FELA actions; and that Prowse had not presented sufficient evidence to prove entitlement to federal equitable tolling. Prowse then timely filed his notice of appeal to this court.

Service of valid process is necessary to give a court jurisdiction over a defendant. *Cogburn v. Marsh*, 2023 Ark. App. 114, 663 S.W.3d 404. Our service rules place an extremely heavy burden on the plaintiff to demonstrate that compliance with our rules has been had. *Id.* The guiding principle of Arkansas Rule of Civil Procedure 4 and the purpose of a summons is to ensure due process by giving the defendant adequate notice of the suit and an opportunity to respond before a judgment is entered. *Id.* Actual knowledge of a proceeding does not validate defective process. *Id.* When issues turn on court rules and precedents about commencement of service, which are issues of law, our review is de novo. *McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33. But appellate courts review a circuit

court's factual conclusions regarding service of process under a clearly erroneous standard. *Wright v. Wright*, 2023 Ark. App. 512, 678 S.W.3d 640.

Arkansas Rule of Civil Procedure 4(i) provides that service of process must be made on a defendant within 120 days after the filing of the complaint, or within the time period established by a proper extension, or the action shall be dismissed without prejudice. If service is not made within 120 days, and no timely motion to extend is made, dismissal of the action is mandatory; however, Rule 4(i) must be read in conjunction with other procedural rules, such as the statute of limitations, and the dismissal without prejudice language of Rule 4(i) is not applicable if the plaintiff's actions are otherwise barred by the running of the statute of limitations. *McCoy*, *supra*.

Prowse first argues that UPRR is estopped from asserting any lack-of-service issue because he reasonably relied on erroneous information provided by UPRR to the Arkansas Secretary of State regarding its agent for service of process, and UPRR cannot now take advantage of his reliance on incorrect information provided by it. This issue is not preserved for appellate review because Prowse makes his estoppel argument for the first time on appeal. The appellate courts do not address issues raised for the first time on appeal. *Brown v. Towell*, 2021 Ark. 60, 619 S.W.3d 17 (declining to address estoppel argument because it was being raised for the first time on appeal).

While Prowse concedes in his brief that the Arkansas savings statute, Arkansas Code Annotated section 16-56-126 (Repl. 2005), is inapplicable to a FELA action, he argues that the federal equitable-tolling statute is applicable and serves to toll the statute of limitations

7

to allow any dismissal to be without prejudice. He cites *Jones v. Douglas*, 2016 Ark. 166, 489 S.W.3d 648; *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007); and *Clouse v. Ngau Van Tu*, 101 Ark. App. 260, 274 S.W.3d 344 (2008), in his brief, stating that case law concerning attempted service in Arkansas is helpful to show that tolling and dismissal without prejudice are applicable; however, these cases all concern the Arkansas savings statute.

In *Union Pacific Railroad Co. v. Skender*, 2016 Ark. App. 206, 489 S.W.3d 176 (*Skender I*), this court, citing the United States Supreme Court's holding in *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965), held that the savings statutes of individual states do not apply in FELA actions and that the circuit court's "reliance on the Arkansas savings statute was erroneous as a matter of law." 2016 Ark. App. 206, at 6, 489 S.W.3d at 179. However, the case was remanded for the circuit court to address Skender's alternative argument that federal law allows equitable tolling.

On remand, the circuit court found that equitable tolling was not applicable; Skender's second appeal was not decided on the merits due to briefing deficiencies. *Skender v. Union Pac. R.R. Co.*, 2017 Ark. App. 649 (*Skender II*). Skender cured the deficiencies, and in *Skender v. Union Pacific Railroad Co.*, 2018 Ark. App. 234, 547 S.W.3d 751 (*Skender III*), this court affirmed the circuit court's dismissal of Skender's complaint with prejudice, holding that Skender's claim that he acted with proper diligence with respect to his claim was unpersuasive, and equitable tolling was not applicable. In reaching this holding, this court noted the circuit court's unrefuted findings that although UPRR had timely answered

Skender's complaint, in which it had asserted the affirmative defenses of "insufficiency of process" and "insufficiency of service of process," Skender had never sought clarification of those assertions or attempted any discovery, and he took no further action until UPRR filed its motion to dismiss over a year and a half later.

Skender III is on point with the facts of the present case. Here, UPRR timely answered Prowse's complaint and asserted the affirmative defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, but Prowse made no effort to clarify or rectify UPRR's assertions; Prowse took no further action until UPRR filed its motion to dismiss; and Prowse had attempted no discovery regarding any service deficiencies, even though he was placed on notice of such alleged defects in UPRR's answer. Under these facts, as in Skender III, equitable tolling is not applicable.

Prowse cites Burnett, supra, and Ross v. Union Pacific Railroad Co., 906 S.W.2d 711 (Mo. 1995), in an effort to convince this court that equitable tolling "is consistent with Arkansas law that applies similar equitable principles." Neither case supports application of equitable tolling on these facts. The Burnett Court held that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." 380 U.S. at 434–35. These circumstances are not present in Prowse's case.

In Ross, the Missouri Supreme Court held that equitable tolling was not applicable to the facts of that case. Ross had timely filed his FELA action within the three-year statute of

9

limitations, but he voluntarily dismissed his case on the day of trial, which was set to be held almost five years after his cause of action accrued. When Ross filed a second lawsuit the day after he voluntarily dismissed his first lawsuit, UPRR filed a motion to dismiss on the basis that the suit was barred by the statute of limitations; the dismissal was granted with prejudice, and Ross appealed. In affirming the dismissal with prejudice, the *Ross* court noted that the equitable-tolling doctrine had been applied only in limited circumstances, and late filings were not forgiven by the courts "where the fault for missing the statutory deadline is more directly attributable to the plaintiff." 906 S.W.2d at 713. Here, there were no extraordinary circumstances that prevented Prowse from properly serving UPRR with the summons and lawsuit; he was on notice that UPRR was asserting service deficiencies, yet he did nothing to ensure UPRR was properly served.

Prowse's last argument is that Arkansas Rule of Civil Procedure 4(k) requires a finding of sufficient service. That rule provides, "Any error as to the sufficiency of process or the sufficiency of service of process shall be disregarded if the court determines that the serving party substantially complied with the provisions of this rule and that the defendant received actual notice of the complaint and filed a timely answer." In those cases, "due process is satisfied even if marginal defects in the summons or the service exist." Ark. R. Civ. P. 4(k) rep. notes.

Prowse argues that UPRR was aware of the complaint and filed a timely answer; it was UPRR's act of providing wrongful information to the Secretary of State that caused him to rely on that information; and that when he sent the summons and complaint by mail, the

10

Corporation Company "apparently refused" it. He contends that mailing the summons and complaint was substantial compliance so as to disregard any error in the sufficiency of process.

Service on the registered agent of a corporation is allowed by certified mail, return receipt requested, under Rule 4(g)(1)(A)(i). Although Prowse contends that the Corporation Company "refused" service of the summons and complaint, there is no evidence to support that statement; Rule 4(g)(1)(A)(ii) requires a return-receipt green card or an affidavit from a postal employee indicating refusal of the mailed process by the addressee; failure to claim mail does not constitute refusal. Here, Prowse had no return-receipt green card showing that the certified mail was delivered or that it was refused. The return of service is prima facie evidence that service was made as stated; here, as in *McCoy*, *supra*, no prima facie case was ever made as to proof of service.

Our supreme court discussed the implications of Rule 4(k), adopted on January 1, 2019, in *Ligon v. Bloodman*, 2021 Ark. 124, noting that this rule "relaxed the traditional strict-compliance standard by reestablishing the substantial-compliance standard," 2021 Ark. 124, at 7, and that it was in accord with older Arkansas authority, "both as to the summons and service of process, in nondefault cases." 2021 Ark. 124, at 8. *Bloodman* concerned a petition for contempt filed by Stark Ligon, executive director of the Arkansas Supreme Court Committee on Professional Conduct, against Teresa Bloodman for engaging in the prohibited practice of law while under interim suspension. Bloodman argued that the contempt petition should be dismissed; one of the reasons argued for dismissal was that she

11

was not served in strict compliance with Rule 4(f)(1)(A) of the Arkansas Rules of Civil Procedure. The supreme court held that because Bloodman had received actual notice of the contempt petition and had filed a timely answer, the substantial-compliance standard for process and service of process in Rule 4(k) applied. Rule 4(f)(1)(A) allows personal service to be made inside the state on a natural person at least eighteen years old by "delivering a copy of the process to the defendant personally, or if he or she refuses to receive it after the process server makes his or her purpose clear, by leaving the papers in close proximity to the defendant." With regard to service of process, a special master found that the process server entered the room where Bloodman was participating in a deposition and placed the summons, petition for contempt, and other papers on the table in the vicinity of Bloodman. Our supreme court held that even though the substantial-compliance standard was applicable, that lesser burden was not met, as there was no testimony or finding that Bloodman had refused to receive a copy of the process after the process server had made his purpose clear; therefore, the option to leave the papers in close proximity to Bloodman was never triggered.

In the present case, because UPRR had actual notice of Prowse's complaint and filed a timely answer, the substantial-compliance standard for process and service of process under Rule 4(k) is applicable. However, as in *Bloodman*, we cannot say Prowse met the relaxed substantial-compliance standard. Here, there was never any service of a summons. Prowse argues that mailing the summons and complaint, without any proof returned by way of a certified-mail green card or an affidavit by a postal employee that the package was refused, is

12

substantial compliance in accordance with Rule 4(k). We cannot agree. There was no service—no actual service, no defective service. Prowse seems to argue that the fact of mailing the summons and complaint, which were allegedly returned to his counsel's office in North Carolina, was substantial compliance because UPRR had actual notice of the complaint and had filed a timely answer. But here, not only was there not substantial compliance, there was no compliance; this is not a "marginal" defect in the summons or the service as contemplated by the relaxed substantial-compliance standard in Rule 4(k). *Bloodman*, 2021 Ark. 124, at 9.

Prowse contends that even if the court finds that he did not substantially comply with the requirements of Rule 4, and dismissal is mandatory, it should be without prejudice under the federal law allowing for equitable tolling. However, for the reasons set forth above, equitable tolling is not applicable to the facts of this case.

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

*Dan Francis Law Firm PLLC*, by: *Daniel R. Francis*; and *Robert S. Tschiemer*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Kristopher B. Knox* and *Kathy McCarroll*, for appellee.